UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN CORNWELL** | * | **CIVIL ACTION NO. 24-926** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **EXTREME TACTICAL COMPONENTS, LLC, A.K.A. EXTREME AIR RIFLES, LLC, A.K.A. EXTREME BIG BORE AIR RIFLES, TEXAS MACHINE PARTS, LLC, DANNY DUKE, AND JOHN WILEY** | *  *  * | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| * * * * * * * | | |

**ORDER & REASONS**

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Kinsale Insurance Company ("Kinsale"). R. Doc. 52. Plaintiff did not oppose the motion. Considering the record, briefing, and applicable law, the Court now rules as follows.

**I.      BACKGROUND & PRESENT MOTION**

This is a products liability case arising from an alleged injury caused by an air rifle. Plaintiff Brian Cornwell alleges that on March 25, 2021, he ordered a "big-bore air rifle" online directly from the manufacturing defendants through their website. R. Doc. 39 at 2. He maintains that he read the instructions accompanying the product, which directed users that "you may need to cover the barrel with your finger when filling." *Id.* Plaintiff alleges that on January 11, 2023, he was filling the product with air with his thumb over the barrel, as directed by the instructions. *Id.* The rifle discharged, and Plaintiff's "left thumb was blown open" leaving Plaintiff with no "bone tip." *Id.* at 2.

Plaintiff initially sued the alleged manufacturer and its company owners. R. Doc. 2-2. He later amended his complaint to name Kinsale as an alleged insurer of the manufacturer. R. Doc.

39. According to the second supplemental complaint, Plaintiff received a copy of "a policy of liability insurance number 0100148803-0 . . . which was in effect on the date of plaintiff's injury" during discovery. *Id.* at 1–2. Thus, he asserts that Kinsale is "solidarily liable with its insureds for all damages." *Id.* at 1.

Kinsale now moves to have all claims brought against them dismissed because the policy referenced in the second supplemental complaint—Policy No. 0100148803-0 (the "Policy")—covers a year-long period *between* the rifle purchase date and the date of injury, so the Policy does not provide coverage. R. Doc. 52-1. Specifically, the Policy contains exclusions which prohibits coverage "when a bodily injury arises out of a product sold before [the Policy start date], or after the Policy [end date]." *Id.* at 4. Kinsale attached a copy of the Policy to its motion, which notably (1) bears the same policy number as the one in Plaintiff's second amended complaint, and (2) states that the policy period is from April 28, 2021, to April 28, 2022. R. Doc. 52-2. Plaintiff does not oppose the motion.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. A court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences

in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Because the Court is sitting in diversity, it must apply state substantive law, and in determining which state's substantive law controls, the Court will apply the forum state's choice-of-law. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Louisiana's choice-of-law rules provide that "the law of the state where the insurance contract was issued and executed generally governs the interpretation of that contract." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) (citing *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999)). The choice-of-law analysis is not relevant, however, if the laws of the states do not conflict. *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005).

### III.   DISCUSSION

Kinsale presses that Plaintiff cannot have a viable claim against them pursuant to the plain language of the Policy. Plaintiff does not contest any of Kinsale's representations of the policy period nor the exclusions. Similarly, he does not dispute that the Policy attached to the motion to dismiss is the one noted in the second supplemental complaint. For the following reasons, the Court will grant Kinsale's motion to dismiss for failure to state a claim.

As a threshold matter, the Court may consider the Policy attached to the motion to dismiss because the Policy was expressly referenced in the second supplemental complaint and is central to Plaintiff's claims. *In re Katrina Canal Breaches*, 495 F.3d at 205; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary

determination of whether a claim has been stated."). In reading the Policy, the Court turns to state law for guidance on interpretation, with the understanding that "under both Texas and Louisiana law, insurance policies are to be interpreted in accordance with general rules governing interpretation of contracts." *Aggreko, LLC v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 688 (5th Cir. 2019). Therefore, regardless of whether Louisiana or Texas substantive law would apply to the interpretation of the Policy here, under either state system the "words and phrases contained [in insurance contracts] should be given their plain and ordinary meaning." *Id.* (discussing Louisiana and Texas cases).

      The Policy plainly states that the policy period began on April 28, 2021. R. Doc. 52-2 at 1. The Policy's "Prior Work" exclusions provides that the Policy "does not apply to 'bodily injury' . . . arising out of 'your product' that was . . . sold . . . before" April 28, 2021. *Id.* at 54. The second supplemental complaint states that Plaintiff purchased the at-issue air rifle on March 25, 2021—over a month before the Policy came into effect. R. Doc. 39 at 2. Thus, the Policy excludes coverage for Plaintiff's bodily injury because he purchased the air rifle over a month before the policy period began, and the Policy excludes coverage of bodily injuries arising out of products purchased before the Policy's effective date.

      Wholly independent from the foregoing, coverage would also be excluded under the Policy based on the date of Plaintiff's injury. The second supplemental complaint maintains that Plaintiff injured his thumb on January 11, 2023. R. Doc. 39 at 2. The Policy provides in its "Coverages" section that "[t]his insurance applies to 'bodily injury' . . . only if . . . [t]he 'bodily injury' . . . occurs during the policy period." R. Doc. 52-2 at 6. The policy period terminated on April 28, 2022. *Id.* at 1. Plaintiff's injury occurred nearly nine months after the termination of the policy

4

period. R. Doc. 39 at 2. Therefore, the Policy issued by Kinsale and referenced in the second supplemental complaint does not provide coverage for Plaintiff's date of injury.

Overall, because the Policy excludes coverage for Plaintiff's bodily injury based both on the purchase date of the air rifle and the actual date of injury, Plaintiff cannot state a cognizable claim against Kinsale. The Court will grant the motion to dismiss.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss, R. Doc. 52, is **GRANTED**. Plaintiff's claims against Kinsale Insurance Company are hereby **DISMISSED**.

New Orleans, Louisiana, this 9th day of January, 2026.

_____
THE HONORABLE ELDON E. FALLON