UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN CORNWELL** | * | **CIVIL ACTION NO. 24-926** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **EXTREME TACTICAL COMPONENTS, LLC, A.K.A. EXTREME AIR RIFLES, LLC, A.K.A. EXTREME BIG BORE AIR RIFLES, TEXAS MACHINE PARTS, LLC, DANNY DUKE, AND JOHN WILEY** | *  *  * | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| * * * * * * * | | |

### ORDER & REASONS

Before the Court are two motions. Plaintiff Brian Cornwell moves for a mistrial and the setting of a new trial. R. Doc. 100. Defendants Texas Machine Parts, Danny Duke, and John Wiley ("Defendants") filed a motion for entry of judgment or, alternatively, motion for entry of judgment as a matter of law. R. Doc. 101. The parties oppose each others' motions. R. Docs. 103, 104. Defendants replied in support of their initial motion and requested oral argument. R. Docs. 105, 106. The Court denied the request. R. Doc. 107. Considering the record, briefing, and applicable law, the Court now rules as follows.

I.  **BACKGROUND**

This is a products liability action brought by Plaintiff Brian Cornwell who was injured while using Defendants' air rifle. Trial commenced on February 2, 2026, on three Louisiana Products Liability Act ("LPLA") theories: design defect, inadequate warning, and breach of express warranty. *See* R. Doc. 72. After listening to three days of evidence and testimony, on February 4, 2026, the jury returned a conflicting verdict. R. Doc. 97. Specific to the inadequate warning claim, the jury found that Defendants were negligent insofar as the product was unreasonably dangerous and that the unreasonably dangerous condition proximately caused

Plaintiff's injury. *Id.* at 2. The jury then found that Plaintiff's injury did not arise from a reasonably anticipated use of the air rifle by the Plaintiff. *Id.* Thus, the jury found that Plaintiff did not prove all elements of his inadequate warning claim, as the LPLA requires both a finding that Defendants were negligent and that Plaintiff was injured during a reasonably anticipated use of the product. *See* La. R.S. § 9:2800.54 ("The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."). The jury continued, however, and found that Plaintiff was entitled to monetary damages in the amount of $200,000, reduced by 55% for Plaintiff's comparative negligence. R. Doc. 97 at 4.

## II.     PRESENT MOTIONS

Both parties now move for post-trial relief. R. Docs. 100, 101. First, Plaintiff asks for a new trial. R. Doc. 100. Plaintiff takes the position that the verdict form conflicts insofar as the verdict form reveals that the jury did not understand that it could not award damages unless it found liability. *Id.* Defendants oppose the motion, submitting that the verdict form is not inconsistent and that a mistrial is procedurally inappropriate at this time. R. Doc. 104.

Defendants move for an entry of judgment pursuant to Rules 49(b)(2) and 58 of the Federal Rules of Civil Procedure. R. Doc. 101. Alternatively, they ask for the entry of judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. *Id.* As to their request for an entry of judgment on the present verdict form, Defendants submit that the general verdict and the individual answers *are* consistent because, to recover under *any* LPLA theory—not just the inadequate warning claim—the jury would have needed to find that Plaintiff's injury arose from a reasonably anticipated use of the air rifle. 101-1 at 8–10. Thus, the answers are consistent because

under *any* LPLA theory, Plaintiff bore the burden of proving two things: Defendants' negligence, and that Plaintiff's injury arose from a reasonably anticipated use of the product. *Id.* Defendants submit that the Court should disregard the jury's damages award, as it may under Rule 49(b)(2), because the jury was simply "completing the assignment" by answering the entire verdict form. *Id.* at 11. Defendants press that the Court should, in accordance with Fifth Circuit precedent, reconcile the jury's answers and enter a verdict wholly in favor of Defendants because the jury entered a general verdict that Plaintiff failed to prove that Defendants were negligent *and* that Plaintiff's injuries resulted from a reasonably anticipated use of the product.

  Alternatively, Defendants ask the Court enter judgment as a matter of law on all claims. *Id.* at 13. First, Defendants submit that the Court should honor the jury's perspective that Plaintiff did not meet his burden of proof on any of the three LPLA claims. *Id.* They contend that the Court should at least enter judgment as to the design defect and breach of express warranty claims. *Id.* And if the Court were concerned about the jury's finding of Defendants' negligence on the inadequate warning claim, the Court should enter judgment in their favor nonetheless because Defendants met their burden of showing that Plaintiff was a sophisticated user. *Id.* Since Plaintiff is a sophisticated user, Defendants had no duty to warn him of the dangerous condition, and judgment as a matter of law in their favor is appropriate on that claim. *Id.*

  Plaintiff opposes the motion. R. Doc. 103. He argues that the jurors followed the verdict form correctly and logically, applying a commonsense approach, and intended to find Defendants liable and award Plaintiff damages. *Id.* Plaintiff highlights that the jury did find Defendants negligent in failing to warm him of the dangerous aspects of the air rifle and that Defendants' negligence was the cause of his injuries. *Id.* Thus, in Plaintiff's eyes, it is clear that the jury wished to compensate him for the manufacturer's negligence. *Id.* Confusingly, Plaintiff presses that the

form was not necessarily inconsistent and asks the Court grant judgment as a matter of law in Plaintiff's favor, as well as the entry of a $200,000.00 damages award. *Id.* at 3.

Defendants replied, largely addressing Plaintiff's arguments with respect to the jury's award. R. Doc. 105. They also argue that "Plaintiff effectively concedes the jury's rejection of" his design defect and breach of express warranty claims by not addressing those claims in its opposition. *Id.* at 5. Therefore, at most, Defendants suggest that if a new trial is ordered, it should only be on the inadequate warning claim. *Id.*

### III.   APPLICABLE LAW

Federal Rule of Civil Procedure 49 "articulates the standards courts must follow in evaluating jury's verdicts." *Lindsley v. Omni Hotels Mgmt. Corp.*, 123 F.4th 433, 439 (5th Cir. 2024) (citing FED. R. CIV. PROC. 49). When a jury returns "an internally inconsistent verdict, the judge has a duty to harmonize the inconsistent responses." *Id.* "If the verdict form . . . was a 'special verdict'— i.e., one where the jury merely resolves issues of fact—Rule 49(a) would apply." *Id.* (citing *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 517 (5th Cir. 2020)). "If, however, the verdict form was a 'general verdict'—i.e., one where the jury goes beyond resolving fact issues and applies law to fact to indicate who won—Rule 49(b) would apply." *Id.* at 439–40.

When evaluating a general verdict, "Rule 49(b) . . . lists the actions a district court may take to resolve inconsistencies in a verdict form and explains in what contexts the court may do so." *Id.* at 440. Rule 49(b)(2) provides that "'[w]hen the general verdict and the answers are consistent [with one another], the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers.'" *Id.* (quoting FED. R. CIV. P. 49(b)(2)). The following section, Rule 49(b)(3), explains that "'[w]hen the answers [to written interrogatories] are consistent with each other but one or more is inconsistent with the general verdict,' the court may

4

(A) enter judgment according to the answers, 'notwithstanding the general verdict'; '(B) direct the jury to further consider its answers and verdict; or (C) order a new trial.'" *Id.* (quoting FED. R. CIV. P. 49(b)(3)). Finally, Rule 49(b)(4) provides that, "'[w]hen the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.'" *Id.* (quoting FED. R. CIV. P. 49(b)(4)).

## IV.    DISCUSSION

Defendants ask the Court to enter a verdict in their favor pursuant to Rule 49(b)(2) because the jury's answers to the verdict form's questions do not conflict. R. Doc. 101. Plaintiff asks that the Court grant a new trial and briefly references Federal Rule of Civil Procedure 59 with no further analysis. R. Doc. 100. For the following reasons, the Court will not enter judgment at this time and will order a new trial pursuant to Rule 49(b)(4) and Rule 59(a)(1)(A).

### a.  This Is a General Verdict

The Court must first briefly explain why it assesses this jury verdict form under Rule 49(b) as opposed to Rule 49(a). The Fifth Circuit recently and thoroughly explained the differences between special verdicts and general verdicts in *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.* 976 F.3d 509 (5th Cir. 2020). There, the court held that "if the answers to written questions require jurors to apply the instructed law to their fact-findings, thereby fully explaining who prevails on all claims against a single defendant, and if relevant, the amount of any monetary award, that is sufficient for a Rule 49(b) verdict." *Id.* at 520. In later explaining *Waypoint*, the Circuit reiterated its view "that where detailed jury instructions apprises the jury of the law, that suggests that the verdict is general, not special." *Lindsley*, 123 F.4th at 440 (citing *Waypoint*, 976 F.3d at 516).

The verdict form at issue here is a general form because it asks jurors to make factual findings and apply the language of the LPLA to those factual findings. R. Doc. 97. Moreover, the Court provided the jury with detailed charges describing the intricacies of the LPLA and the parameters the jurors would need to use when applying the law to their findings of fact. R. Doc. 95-3. Thus, because the instructions apprise the jury of the law and ask them to apply it to the facts, Rule 49(b) governs this Court's evaluation of the verdict form. "The question then becomes—which section of Rule 49(b) applies?" *Lindsley*, 123 F.4th at 440.

### b. Rule 49(b)(4) Applies

Rule 49(b)(4) will apply when the jury's answers are both inconsistent with each other *and* inconsistent with the general verdict. When that rule applies, the district judge "must not" enter judgment and instead either "direct the jury to further consider its answers and verdict, or must order a new trial." FED. R. CIV. P. 49(b)(4). Importantly, "verdict forms are considered part of the jury instructions such that appellate courts consider the verdict form 'in light of' the instructions." *Id.* (citing *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 432 (5th Cir. 2022)). So, when analyzing whether the answers are inconsistent with each other as well as inconsistent with the general verdict, the Court will look to both the jury instructions and the jury verdict form.

The Fifth Circuit recently evaluated a case where Rule 49(b)(4) applied. In *Lindsley v. Omni Hotel Management Corporation*, the Fifth Circuit assessed an Equal Pay Act and Title VII jury verdict form that did not contain a "go-no-further" instruction, or an instruction advising the jury not to award damages if they did not find liability. 123 F.4th at 440–41. In observed, however, that "the jury *instructions* explicitly conditioned answering the Title VII damages question on the jury's finding of Title VII liability." *Id.* at 440. Thus, because "verdict forms are considered part of the jury instructions such that appellate courts consider the verdict form 'in light of' the

6

instructions," the court found that "[t]he jury's answers to special interrogatories were inconsistent with each other: [Defendant] did not violate Title VII yet owed $25 million for a Title VII violation." *Id.* at 441. Said differently, because the jury instructions contained a go-no-further instruction, the verdict form implicitly contained a go-no-further instruction; because the go-no-further instruction told the jury to not award damages if it did not find liability, a finding of no liability and a finding of damages were answers inconsistent with *each other*, as well as the general verdict. *See* Rule 49(b)(4) ("Answers Inconsistent with Each Other and the Verdict").

The Circuit further detailed its reasoning as to why Rule 49(b)(4), and not (b)(3), applied in that case when, at first blush, it could appear that the jury's answers are simply inconsistent with the general verdict of no liability rather than inconsistent with each other. It noted that "because the court instructed the jury that they should only award Title VII damages if they answered the Title VII liability question in the affirmative, the jury's negative answer as to liability was inconsistent with its answers as to the damages question." *Id.* at 441 n.5. And in prior circuit cases where Rule 49(b)(3) applied, "the jury did not receive a charge—either in the jury instructions or the verdict form itself—to only proceed to the damages issue if they answered affirmatively as to liability." *Id.* Therefore, "the jury's answers to the liability and damages questions were not inconsistent with each other (but the damages answer was inconsistent with the general verdict)," so Rule 49(b)(3) applied in those other cases where the jury lacked go-no-further instructions in both the verdict form and the charges. *Id.*

Here, like the verdict form in *Lindsley*, the verdict form lacked a go-no-further instruction which would have advised the jury to only award damages if they had found liability on any of the three LPLA theories. *See* R. Doc. 97 at 4. However, like the jury charges in *Lindsley*, the jury charges used at this trial instructed the jury to only award damages if they found liability. R. Doc.

7

95-3 at 32 ("If you find that the Plaintiff Brian Cornwell has proven by a preponderance of the evidence that the Defendants Texas Machine Parts are liable, in whole or in part, for Plaintiff's alleged injuries, then you must determine the damages the Plaintiff has sustained. You should not interpret the fact that you are given instructions about damages as an indication in any way that . . . the Plaintiff should, or should not, win this case."); *id.* ("I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money damages from the Defendants.").

The Court concludes that the jury's finding of no liability on any of the three LPLA theories is inconsistent with its damages award because the Court instructed the jury in the jury charges that it need not award damages unless Plaintiff prevailed on any one of his three claims. Moreover, despite the lack of an explicit general verdict section, it is clear that the damages award is also inconsistent with the jury's general verdict of finding that Plaintiff did not prove each element of any of the three LPLA claims, despite finding Defendants negligent on the inadequate warning claim and its negligence a proximate cause of Plaintiff's injuries. Therefore, pursuant to Rule 49(b)(4), the Court *must not* enter judgment and will order a new trial. The Court declines Defendants' invitation to enter a judgment as a matter of law in light of this jury's finding of negligence on Defendants' part on at least one LPLA theory.

## V.    CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that Plaintiff's motion for mistrial and new trial, R. Doc. 100, construed by the Court as a motion for a new trial pursuant to Rule 59(a)(1)(A), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for the entry of judgment pursuant to Rule 49(b)(2) and 58 or, alternatively, motion for judgment as a matter of law under Rule 50, R. Doc. 101, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Court will hold a telephone status conference with all parties to select a new trial date on **Thursday, February 26, 2026, at 8:30 a.m.** The parties are instructed to use the following call-in information and to join in the line **five minutes** before the scheduled time:

Dial-in:    571-353-2301

ID code:    342 767 621

New Orleans, Louisiana, this 24th day of February, 2026.

_____
THE HONORABLE ELDON E. FALLON