**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN CORNWELL** | * | **CIVIL ACTION NO. 24-926** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **EXTREME TACTICAL COMPONENTS,** | * | **MAGISTRATE JUDGE** |
| **LLC, A.K.A. EXTREME AIR RIFLES, LLC,** | | **MICHAEL B. NORTH** |
| **A.K.A. EXTREME BIG BORE AIR RIFLES,** | * | |
| **TEXAS MACHINE PARTS, LLC, DANNY** | | |
| **DUKE, AND JOHN WILEY** | * | |

\*    \*    \*    \*    \*    \*    \*

## <u>ORDER & REASONS</u>

Before the Court is a motion for a 28 U.S.C. § 1292(b) certification of interlocutory appeal and for a stay pending appeal filed by Defendants Texas Machine Parts, LLC, Danny Duke, John Wiley, and Admiral Insurance Company ("Defendants"). R. Doc. 111. Considering the record, briefing, and applicable law, the Court now rules as follows.

### I.    BACKGROUND

Plaintiff Brian Cornwell brought this products liability action after he was injured while using and following the instructions that accompanied Defendants' air rifle. At the conclusion of the February 2, 2026, trial, the jury returned a conflicting verdict. R. Doc. 97. Specifically, the jury found that Defendants were negligent and that their negligence was the proximate cause of Plaintiff's injuries on one of the three LPLA liability theories. *Id.* They also found Plaintiff contributorily negligent, and that he was not using the air rifle in a way that could be reasonably anticipated by the manufacturer. *Id.* However, despite an instruction in the jury charges to not do so, the jury continued to award Plaintiff damages—even though they found improper use, which would abort any recovery. *Id.* No party objected when the verdict was read, and the jury was discharged.

The Court construed the jury verdict form under Rule 49(b)(4) of the Federal Rules of Civil Procedure, finding that the jury verdict form was irreconcilable because the jury's answers both conflicted with each other and conflicted with the general verdict. R. Doc. 108. Rule 49(b)(4) instructs that "judgment must not be entered" when the verdict form's "answers are inconsistent with each other and one or more is also inconsistent with the general verdict." And because the jury had already been dismissed, the Court ordered a new trial. Fed. R Civ. P. 49(b)(4) ("judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, *or must order a new trial*") (emphasis added). In so ordering, the Court declined to enter judgment as a matter of law on any of the three LPLA theories in light of the jury's intent to award Plaintiff damages, the jury's explicit finding of negligence and causation on one of the theories, and the Court's perception of juror confusion. R. Doc. 108.

## II.    PRESENT MOTION

Defendants now ask the Court to certify its order granting a new trial for interlocutory appeal. R. Doc. 111. They argue that there is a substantial ground for a difference of opinion on important controlling questions of law in this case—primarily whether the Court should have entered judgment pursuant to Rule 49(b)(2) and Rule 58 or, alternatively, entered judgment as a matter of law pursuant to Rule 50 instead of granting a new trial. *Id.* at 12–14. Additionally, they press that Plaintiff waived his right to ask for a new trial by not objecting to the jury's verdict after it was announced and while the jury was still empaneled. *Id.* at 11. Defendants also contend that the Court's decision to grant a new trial conflicts with certain Fifth Circuit precedent, which they suggest shows that the Court should have entered judgment in favor of Defendants on at least some of the LPLA theories. *Id.* at 12–14. Defendants also argue that the Court erred by not reconciling the jury's answers to the verdict form. *Id.* at 15–17.

### III.    APPLICABLE LAW

In general, only final judgments are appealable. *E.g.*, *United States v. Garner*, 749 F.2d 281, 284–85 (5th Cir. 1985). This final-judgment rule, embodied in 28 U.S.C. § 1291, reflects "a firm congressional policy against . . . 'piecemeal' appeals." *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170–71 (5th Cir. 2009) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). However, 28 U.S.C. § 1292(b) provides an exception to this rule and allows interlocutory appeals in civil cases where the district court is of the opinion that such order (1) involves a controlling question of law as to which (2) there is substantial ground for difference of opinion and that an immediate appeal from the order (3) may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Ichinos*e, 946 F.2d 1169, 1177 (5th Cir. 1991). All three factors must be satisfied to warrant this rare "departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesa*y, 437 U.S. 463, 475 (1978).

Interlocutory appeals under this provision are appropriate only in "exceptional cases," *Garner*, 749 F.2d at 286, and "permission to appeal [under § 1292(b)] is granted sparingly, not automatically," *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). The Fifth Circuit consistently reiterates that interlocutory appeals are generally disfavored, and, as a result, courts must strictly construe the statutory requirements. *Allen v. Okam Holds., Inc.*, 116 F.3d 153, 154 (5th Cir. 1997). The moving party bears the burden of demonstrating that interlocutory appeal is appropriate. *In re FEMA Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2008 WL 4923035, at *2 (E.D. La. Nov. 13, 2009) (citing *In re L.L.P. & D. Marine, Inc.*, Nos. 97-2992 & 97-3349, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)). Whether to certify an order for

3

interlocutory appeal under § 1292(b) rests within the discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

**IV.    DISCUSSION**

Defendants ask the Court to certify its Order & Reasons granting a new trial, R. Doc. 108, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). R. Doc. 111. For the following reasons, the Court denies Defendants' request.

> **a.    Controlling Question of Law & Substantial Ground for Difference in Opinion**

Defendants have not met their heavy burden of demonstrating a controlling question of law that is appropriate for interlocutory review. "A controlling question of law is one 'that would require reversal on appeal from a final judgment or would materially affect the outcome of the case.'" *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., LLC*, No. 20-1051, 2020 WL 7626817, at *3 (E.D. La. July 14, 2020) (quoting *Jesclard v. Babcock & Wilcox*, No. 82-1570, 1990 WL 182315, at *1 (E.D. La. Nov. 21, 1990)). "[A] *controlling* question of law—although not consistently defined—at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the court and the litigants." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (citing 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. and Proc. § 3930 at 426 & n.25 (2d ed. 1996)).

Here, Defendants submits two main controlling questions of law for which they assert there is a substantial ground for a difference in opinion: first, whether the Court should have entered judgment under Rule 49(b)(2) and 58, or, alternatively, judgment as a law under Rule 50; and second, whether Plaintiff waived his right to challenge the jury verdict form before the Court dismissed the jury. The Court takes each in turn.

### i.   Rule 49(b)'s Subparts

First, Defendants frame the controlling question of law as whether the Court should have construed the jury verdict under Rule 49(b)(2) and entered judgment under Rule 58, or if the Court should alternatively have entered judgment as a matter of law pursuant to Rule 50. R. Doc. 111. The Court is not persuaded that Defendants present the most appropriate controlling question of law here. The Court will first assess its view of the case and Rule 49's applicability to the instant jury verdict form. It will address Defendants' Rule 50 arguments in the following subpart.

In this case, it is the Court's view that the only plausible controlling question of law as to whether the Court properly applied Rule 49(b) in this case is whether the Court could have construed the jury verdict under Rule 49(b)(3) instead of Rule 49(b)(4).

Here, the Court construed the verdict form under Rule 49(b)(4) because it found that the jury's answers were inconsistent with each other *and* inconsistent with the general verdict. R. Doc. 108. Importantly, if a verdict form falls within Rule 49(b)(4) and the jury is no longer empaneled, the rule provides the Court with no other alternatives than to order a new trial. If a verdict form is construed under Rule 49(b)(3), however, that rule provides courts with an opportunity to enter judgment on the verdict, despite the apparent conflict. That rule states:

> When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:
> (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;
> (B) direct the jury to further consider its answers and verdict; or
> (C) order a new trial.

Fed. R. Civ. P. 49(b)(3). Subpart (A) of that rule allows a district judge to "reconcile the [jury's] answers, if possible, in order to validate the jury's verdict," *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir. 1987), and enter judgment on a conflicting verdict anyways. Yet the Court notes that, even in the event that a jury verdict form falls within Rule 49(b)(3), the rule *still provides* the district

judge with the discretion to decide to grant a new trial—even with the option to enter judgment under Rule 58 according to the jury's answers, notwithstanding the general verdict.

Defendants, however, present the controlling question of law as whether the Court should have construed the jury verdict form under Rule 49(b)(2). From the Court's view, this jury verdict form cannot plausibly be construed to fit Rule 49(b)(2)'s requirements. That rule governs when the jury's verdict and its answers to interrogatories are *consistent*. It states that "[w]hen the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers." Fed. R. Civ. P. 49(b)(2). On the face of this jury verdict form, the jury's general verdict and its answers to the questions are *inconsistent*—the jury found no liability but nonetheless awarded damages. *See* R. Doc. 97. This verdict form does not comport with Rule 49(b)(2). Defendants have not carried their burden of demonstrating otherwise.

Moreover, Defendants cite to a case that supports the Court's understanding of conflicting verdict forms. Defendants cite *Nimnicht v. Dick Evans, Inc.*, a case where the Fifth Circuit analyzed a jury verdict form that conflicted because the jury found no liability but nonetheless awarded damages. *See Nimnicht v. Dick Evans, Inc.*, 477 F.2d 133, 134–35 (5th Cir. 1973). And in that case, the Fifth Circuit construed the verdict form under Rule 49(b)(3). *Id.* As to their Rule 49 arguments, Defendants fail to make the required showing under § 1292(b) to warrant an interlocutory appeal of the Court's order granting a new trial by failing to identify a controlling question of law.

### ii.    Rule 50

Defendants' proposed controlling question of law also contemplated whether the Court should have entered judgment pursuant to Rule 50 instead of granting a new trial. But whether the Court should have entered judgment under Rule 50 is not the sort of question appropriate for interlocutory review. First, only questions of *law* are appropriate for interlocutory review. *Ryan v.*

*Flowserve Corp.*, 444 F. Supp. 2d 718, 720 (N.D. Tex. 2006). "And a 'question of law does *not* mean the application of settled law to disputed facts." *Id.* (citing *McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). Rule 50 motions require the Court to evaluate facts.

"Rule 50 motions must be denied 'unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Wantou v. Wal-Mart Stores Tex., LLC*, 23 F.4th 422, 431 (5th Cir. 2022). In deciding Rule 50(b) motions specifically, the trial court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." *Brown v. Bryan Cnty.*, 219 F.3d 450, 456 (5th Cir. 2000). When there is a jury verdict and a court is faced with a Rule 50 motion, the court will become "the decision-maker regarding whether there was a legally sufficient basis to support the verdict." *Occidental Fire & Cas. Co. of N.C. v. Cox*, 161 F.4th 849, 862–63 (5th Cir. 2025).

"Review under § 1292(b) is not a mechanism to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Alexander v. City Police of Lafayette*, No. 11-1749, 2019 WL 5678376, at *2 (W.D. La. Oct. 30, 2019) (citing *McFarlin*, 381 F.3d at 1256). In the absence of any arguments or case law citing a difference of opinion as to whether a Court should prioritize Rule 50 motions over Rule 49 considerations, Defendants also fail to identify a controlling question of law relevant to Rule 50.

Second, the decision to deny Defendants' Rule 50 motion was grounded, in large part, in the Court's view of the jurors' understanding of the verdict form and instructions. Specifically, the jury found that Plaintiff was not using the air rifle in a reasonably anticipated way; this is, in the Court's view, against the weight of the evidence and is most likely the result of juror confusion. *See* R. Doc. 97. Plaintiff testified that, at the time he was injured, he was filling the air rifle

7

according to Defendants' instructions. No reasonable juror could conclude that following the Defendants' instructions and filling the air rifle was not a reasonably anticipated use. Perhaps, in reaching this unsupported conclusion, the jury equated Plaintiff's contributory negligence with improper use. *See* R. Doc. 97 (finding Plaintiff 55% contributorily negligent). Like the jurors' answers that both conflict with each other and conflict with the overall verdict, this answer further evidences that the jury verdict form is tainted overall, undermining the validity of the jurors' general finding of no liability. As such, the Court was and is disinclined to enter judgment as a matter of law on any of the LPLA theories.

That the verdict form falls under Rule 49(b)(4) and is generally perceived by the Court to be tainted requires the grant of a new trial as to all claims. To be clear, district courts enjoy wide discretion to grant a new trial and the order granting a new trial will only be disturbed if that broad discretion is abused. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). The Supreme Court has stated that even when only one issue is tainted by error or prejudice, a new trial must nevertheless be granted on all issues "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. v. Champlin Refin. Co.*, 283 U.S. 494, 500 (1931). All of this, in addition to the considerations explained in its order granting a new trial, factored into the Court's decision. Moreover, the Court's clarification of its perspective on this issue is of no moment, because the relevant question here is whether Defendants met their burden of framing an appropriate and applicable controlling question of law for interlocutory review. They have not.

### iii.    Distinguishing Cited Cases

Defendants cite certain Fifth Circuit cases that, in their view, demonstrate that the Court should have entered judgment as a matter of law on at least some, if not all, of Plaintiff's claims.

Not only does this argument misunderstand the purpose and requirements of § 1292(b), but the Court also finds each argument unavailing.

Defendants cite *Kampen v. American Isuzu Motors, Inc.* for the proposition that a plaintiff cannot recover under the LPLA if he engages in conduct that could not be reasonably anticipated by the manufacturer. R. Doc. 111-1 at 12 (citing *Kampen*, 157 F.3d 306, 316 (5th Cir. 1998). This is a perfectly accurate statement of the law. But the Court did not hold that Plaintiff may recover in this case despite engaging in conduct that could not be reasonably anticipated in violation of *Kampen*: it ordered a new trial on all issues raised in this action, including whether Plaintiff engaged in any such conduct.

Defendants next cite *Nimnicht*, arguing that the decision "confirms that answers to 'prerequisite questions' about liability negate a jury's mistake in answering subsequent questions about damages." R. Doc. 111-1 at 14 (explaining *Nimnicht*, 477 F.2d at 133). But the jury verdict form in that case was construed under Rule 49(b)(3)—not Rule 49(b)(4). *Nimnicht*, 477 F.2d at 135. In that case, the Fifth Circuit explained that "the trial court had three alternatives: (1) to enter judgment in accordance with the special answers, notwithstanding the general verdict, (2) to return the jury for further deliberation, or (3) to order a new trial." *Id.*; *compare* Fed. R. Civ. P. 49(b)(3). It went on: "The trial court chose the first alternative, holding, in effect, that the answers to the special interrogatories inexorably negated the award of damages." *Id.* Considering that *Nimnicht* did not involve Rule 49(b)(4), that case is distinguishable.

Finally, Defendants raise that a case relied on by the Court in its order granting a new trial should not have applied—*Lindsley v. Omni Hotels Management Corporation*. R. Doc. 111-1 at 14 (citing *Lindsley*, 123 F.4th 433). Liberally construing, but not finding, that this argument presents a controlling question of law, the Court finds that Defendants' arguments do not demonstrate that

there is a substantial ground for a difference of opinion in *Lindsley*'s application to the case at hand. Defendants attempt to distinguish *Lindsley* because, in that case, (1) there were multiple theories of recovery on the verdict form, and (2) punitive damages were available. R. Doc. 111-1 at 14. This argument misunderstands the applicability of *Lindsley* to the instant case and highlights immaterial differences. *Lindsley* presents a strikingly analogous situation: a jury found no liability on one theory but awarded damages on that theory anyways, even though the jury instructions told the jurors not to award damages on that theory if they found no liability. R. Doc. 108 at 6–8 (analogizing the jury verdict form and jury instructions at issue here with those at issue in *Lindsley*). Furthermore, the Fifth Circuit construed the jury verdict form under Rule 49(b)(4)—the precise rule relied upon this Court in its Order & Reasons. R. Doc. 108.

Defendants seem to submit these three cases to demonstrate the presence of a substantial ground for a difference of opinion on what cases the Court should have relied on when it was evaluating Defendants' Rule 50 motion in concert with the granting of a new trial. But "a 'substantial ground for difference of opinion' usually only arises 'out of genuine doubt as to the correct applicable legal standard relied on in the order.'" *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182–83 (M.D. La. 2011) (quoting *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665 (S.D.N.Y. 2011)). "Mere disagreement, even if vehement, with a ruling does not establish substantial ground for difference of opinion." *Id.* (citing *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Hold. Co.*, 597 F. Supp. 2d 120 (D.D.C. 2009)). Defendants' arguments reveal that is merely disagrees with Court's decisions in this case. Defendants have not met their heavy burden of demonstrating an appropriate controlling question of law for which there is a substantial ground for a difference of opinion. They are not entitled to interlocutory review.

10

### iv.    Waiver

Defendants also raise that Plaintiff waived his right to challenge the jury verdict form under Rule 49 by not objecting to the verdict while the jury was still empaneled. R. Doc. 111-1 at 11. They argue that the legal question of whether Plaintiff "waived any right to have the verdict set aside when he did not object to the verdict on an alleged inconsistency ground while the jury was still empaneled is a controlling question of law that should be immediately appealable." *Id.* In support of this position, Defendants cite *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509 (5th Cir. 2020), for the proposition that Plaintiff waived this right. But the Court—not the Plaintiff—raised the Rule 49(b)(4) issue *sua sponte*. *See* R. Doc. 94. Defendants therefore fail to explain *why Plaintiff's* waiver is a controlling issue of law that would materially advance the termination of litigation and/or has an impact on the course of litigation. *See Ryan*, 444 F. Supp. 2d at 723. Therefore, they have failed to meet their burden of showing why the question of waiver warrants the extraordinary remedy of interlocutory review.

Turning to the case cited by Defendants in support of their position, *Team Contractors* involved a jury verdict form construed under Rule 49(b)(4)—like the jury verdict form here. 976 F.3d at 521. There, the Fifth Circuit found that a party "had waived the issue of inconsistency and could not have succeeded on appeal in having us set the original verdict and judgment aside." *Id.* at 521. But the circuit went a step further: it highlighted the procedural posture of the case and noted that the district judge *sua sponte* converted the waiving party's Rule 59(e) motion into one for new trial under Rule 49. *Id.* The Court observed that "this procedural history causes us to contemplate the possibility that a district court could have the authority to grant a new trial after the jury has been discharged because of the court's perception that answers to questions and a general verdict were inconsistent." *Id.* That is precisely what happened in this case.

11

But Fifth Circuit in that case did not reach the question of whether a district judge may do this even if a party has waived its objections. In this Court's view, the language of Rule 49(b)(4) *specifically*—perhaps, as opposed to the language of subparts (b)(2) and (b)(3)—allows for this. Subpart (b)(4) states that "judgment *must not be entered*" when the answers are inconsistent with each other and one or more is also inconsistent with the general verdict. A party may certainly waive their right *to raise an argument* under this rule, but it seems nonsensical to suggest that a district judge may not *sua sponte* raise Rule 49(b)(4) concerns when that rule mandates that it cannot enter judgment and must, instead, either instruct the jury to further deliberate or to grant a new trial. Despite all of this, the question here is whether Defendants identified an appropriate controlling question of law to warrant interlocutory review. As to waiver, they did not.

### b.  Immediate Appeal Materially Advancing Termination

Even if Defendants had demonstrated the presence of a controlling question of law for which there is a substantial ground for a difference of opinion, they have failed to meet their burden to show that an immediate appeal could materially advance the ultimate termination of the litigation. Defendants submit that "a resolution in Defendants' favor will not only prevent a result contrary to the Seventh Amendment, but it will materially advance the resolution and termination of this litigation." R. Doc. 111-1 at 10. This argument presumes Defendants would prevail if interlocutory appeal were permitted, which is far from predetermined. Defendants therefore have not met any of the requirements of § 1292(b).

### V.    CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that Defendants' motion for certification of interlocutory appeal, R. Doc. 111, is **DENIED**.

New Orleans, Louisiana, this 23rd day of March, 2026.

THE HONORABLE ELDON E. FALLON